UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| **ALEXIS FLORES & RUBICELA DAVILA** | |
| Plaintiffs, | Case No. 7:24-cv-00043 |
| v. | |
| **GENERAL MOTORS, LLC** | Complaint and Demand for Jury Trial |
| Defendant. | |

# COMPLAINT

**ALEXIS FLORES & RUBICELA DAVILA** ("Plaintiffs"), by and through their attorneys, **Kimmel & Silverman, P.C.**, alleges the following against **GENERAL MOTORS, LLC** ("Defendant"):

## INTRODUCTION

1. Plaintiffs' Complaint is based on the Magnuson-Moss Warranty Act ("Warranty Act"), Chapter 15 U.S.C.A., § 2301, *et. seq.*, breach of implied warranty of merchantability pursuant to the Magnuson-Moss Warranty Act, and Tex. Bus. & Com. Code §§ 2.313, 2.314.

## JURISDICTION AND VENUE

2. At all times relevant to this action, Plaintiffs were and are, adult citizens of the State of Texas.

3. At all times relevant, Plaintiffs resided in Edinburg TX 78542 in Hildalgo County.

4. Defendant General Motors, LLC is a limited liability company incorporated in Delaware, with a principal office at 300 Renaissance Center, Detroit Michigan 48243.

5. General Motors, LLC's sole member is General Motors Holdings, LLC.

1

6. General Motors Holdings, LLC's sole member is General Motors Company, Inc.

7. General Motors Holdings, LLC and General Motors Company, Inc. are also incorporated in Delaware, and have principal offices at 300 Renaissance Center, Detroit Michigan 48243.

8. Accordingly, for jurisdictional purposes, Defendant General Motors, LLC is a citizen of Delaware and Michigan.

9. Therefore, there exists complete diversity of citizenship between the Parties.

10. Plaintiffs seek damages for the full purchase price of the vehicle, collateral charges, finance charges, incidental and consequential damages, costs, and attorney's fees. Additionally, Plaintiff seeks trebled damages.

11. In totality, the amount sought by Plaintiffs exceeds $75,000.00.

12. Accordingly, diversity jurisdiction exists, pursuant to 28 U.S. Code § 1332.

13. This Court has supplemental jurisdiction over Plaintiffs' state law claim pursuant to 28 U.S.C. §1367.

14. Defendant regularly does business in the State of Texas.

15. Furthermore, Defendant knowingly delivered a warranty to Plaintiffs in the State of Texas.

16. A substantial portion of the events, occurrences, acts and omissions occurred within the State of Texas.

17. For those reasons, this Court has personal jurisdiction over all Parties to this action.

18. Furthermore, venue is proper in this district under 28 U.S.C. §1391(b)(2) because Plaintiffs purchased the subject vehicle in Hildalgo County and a substantial part of the events giving rise to the Plaintiff's claims occurred within this District.

## PARTIES

19. Plaintiffs are adult individuals residing in Edinburg, TX 78542.

20. Defendant General Motors, LLC is a company that regularly conducts business in the State of Texas with its principal place of business located at 300 Renaissance Center, Detroit MI 48243.

## FACTUAL ALLEGATIONS

21. On or about September 03, 2022, Plaintiffs purchased a GMC Sierra 1500 from South Texas Buick GMC located in McAllen, TX bearing the Vehicle Identification Number 3GTPHDED8NG644214 (hereinafter the "vehicle"). A true and accurate copy of the Retail Installment Sales Contract is attached as **Exhibit "A."**

22. At all times relevant hereto, the subject vehicle was registered in the State of Texas.

23. The contract price of the vehicle, including registration charges, document fees, sales tax, finance and bank charges totaled more than $105,687.75. *See* Exhibit "A".

24. In consideration for the purchase, Defendant issued to Plaintiffs several warranties, guarantees, affirmations or undertakings with respect to the material or workmanship of the vehicle and/or remedial action in the event the vehicle fails to meet the promised specifications.

25. The above-referenced warranties, guarantees, affirmations or undertakings are/were part of the basis of the purchase of Defendant's product by Plaintiffs.

3

26. Defendant issued an express written warranty as well as other guarantees, affirmations and undertakings as detailed in Defendant's warranty materials and owner's manual.

27. The vehicle has required repairs and they have been attempted by Defendant's authorized service facility, however they were largely, if not entirely, ineffective. As a result of these, the use, value and safety of the vehicle have been substantially impaired and unable to be utilized for its intended purposes.

28. Plaintiffs have delivered the vehicle to Defendant's authorized service and repair facility ("Service Facility"), on June 24, 2023, July 07, 2023, October 30, 2023 and January 15, 2024. A true and accurate copy of these Repair Orders are attached as **Exhibit "B"**.

   a. June 24, 2023; 27,136 miles. Plaintiffs presented the vehicle to the authorized dealership for check engine warning activation- towed in, transmission leaking fluid and daytime running lights fail to deactivate when headlamps are on- recall performed. The vehicle was kept out of service for **one (1) day** in connection with this repair attempt.

   b. July 07, 2023; 27,503 miles. Plaintiffs presented the vehicle to the authorized dealership for transmission leaking fluid, hard shift into 2nd gear, vehicle kicks when put into gear and collision warning light comes on. The vehicle was kept out of service for **one (1) day** in connection with this repair attempt.

   c. October 30, 2023-October 31, 2023; 32,714 miles. Plaintiffs presented the vehicle to the authorized dealership for check engine warning activation and engine knocking, The vehicle was kept out of service for **two (2) days** in connection with this repair attempt.

      d.  January 15, 2024-January 19, 2024; 39,709 miles. Plaintiffs presented the vehicle to the authorized dealership for transmission leaking fluid and rough/hard shift. The vehicle was kept out of service for **five (5) days** in connection with this repair attempt.

29. The vehicle was and continues to be defective and exhibits non-conformities.

30. The vehicle remains in a defective and/or unrelaible state and is substantially impaired.

31. The repetitive defects and non-conformities reveal the inability of its authorized service dealers, to repair the vehcile in accordance with the warranty obligations owed.

32. Plaintiffs no longer feel safe driving the subject vehicle and justifiably have no confidence in the dealer's efforts to permanently repair it and/or in the reliablity of the subject vehicle.

## FIRST CAUSE OF ACTION
**Breach of Warranty Pursuant to the Magnuson-Moss Warranty Improvement Act, 15 .S.C. § 2301, *et seq*.**

33. Plaintiffs incorporate by reference the above paragraphs of this Complaint as though fully stated herein.

34. Plaintiffs are "consumers" as defined in 15 U.S.C. § 2301(3).

35. Defendant is a "supplier" and "warrantor" as defined in 15 U.S.C. § 2301(4)-(5).

36. The subject vehicle is a "consumer product" as defined in 15 U.S.C. § 2301(6).

37. 15 U.S.C. § 2310(d)(1) provides a cause of action for any consumer who is damaged by the failure of a warrantor to comply with a written warranty.

38. 15 U.S.C. § 2304(a)(1) requires Defendant, as a warrantor, to remedy any defect, malfunction or nonconformance of the subject vehicle within a reasonable time and without charge to the Plaintiff.

39. Defendant has attempted to comply with the terms of its express warranties, implied warranties and contracts; however, its efforts through its authorized service and repair facilities, have failed to timely and/or properly make effective repairs ineffective.

40. Defendant has failed to remedy the defects and non-conformities within a reasonable time, and/or a reasonable number of attempts, thereby breaching the written warranty applicable to the vehicle.

41. The vehicle does not meet the safety and reliability standards promised by Defendant.

42. As a result of Defendant's inability to make the vehicle conform to the warranty standard and being unable and/or unwilling to remedy valid vehicle concerns, the Plaintiffs have been required to retain legal counsel and seek legal redress.

43. The Magnuson-Moss Warranty Improvement Act, 15 U.S.C. §2310(d)(2) provides:

   a. If a consumer finally prevails on an action brought under paragraph (1) of this subsection, he may be allowed by the court to recover as part of the judgment a sum equal to the amount of aggregate amount of costs and expenses (including attorney fees based upon actual time expended), determined by the court to have been reasonably incurred by the Plaintiff for, or in connection with the commencement and prosecution of such action, unless the court, in its discretion shall determine that such an award of attorney's fees would be inappropriate.

44. Plaintiffs have afforded Defendant a reasonable number of opportunities to conform the vehicle to the aforementioned express warranties, implied warranties and contracts.

45. As a direct and proximate result of Defendant's failure to comply with its express written, implied warranties and obligations, Plaintiffs have suffered damages and, in accordance with 15 U.S.C. §2310(d)(1), Plaintiffs are entitled to bring suit for such damages and other legal and equitable relief.

46. Further as the written warranty was not provided to Plaintiffs until after the vehicle was delivered, nullifying any and all limitations, disclaimers and/or alternative dispute provisions and making them ineffective for a failure of consideration.

47. Plaintiffs aver that upon successfully prevailing upon the Magnuson-Moss claim herein, they are entitled to damages plus all attorney fees and costs. As such Plaintiffs respectfully demand judgment against Defendant in an amount equal to the diminution in value of the vehicle, which could be as much as the total price of the subject vehicle, plus all collateral charges, incidental and consequential damages, reasonable attorneys' fees, and all court costs

**SECOND CAUSE OF ACTION**
**Breach of Implied Warranty of Merchantability Pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, *et seq*. and Tex. Bus. & Com. Code § 2.314**

48. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

49. Defendant is a merchant with respect to motor vehicles.

50. The vehicle was subject to implied warranties of merchantability, as defined in 15 U.S.C. § 2308 and V.T.C.A., Bus. & C. § 2.314, running from the Defendant to the Plaintiffs.

51. An implied warranty that the vehicle was merchantable arose by operation of law as part of the purchase of the vehicle.

52. Defendant has breached the implied warranty of merchantability in that the subject vehicle was not in merchantable condition when Plaintiffs purchased it, or thereafter, and it is substantially unfit for the ordinary purposes for which such vehicles are used.

53. The persistent and unresolved defects are unreasonably dangerous and distracting, especially when issues described above occur while the vehicle is being driven. The clear risk of accident and/or injuries to driver, passengers, and others who share the road as a result of these constitute a breach of implied warranty by Defendant.

54. Plaintiffs notified Defendant of these defects within a reasonable time after Plaintiffs discovered them when they returned the vehicle for repairs.

55. As a result of Defendant's several incidences of breach, Plaintiffs have suffered damages, including but not limited to incidental and consequential damages, plus attorney fees and costs to recover same.

### THIRD CAUSE OF ACTION
**Breach of Express Warranties and Tex. Bus. & Com. Code § 2.313**

56. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

57. Plaintiffs relied on Defendant's warranties when they agreed to purchase the vehicle as a basis of the bargain.

58. Defendant failed to comply with the terms of the express written warranty provided to Plaintiffs, by failing to fully repair the defects

59. Plaintiffs have given Defendant a reasonable number of opportunities to bring the vehicle into compliance with the warranty obligations, but Defendant has been unable to do so within a reasonable time and any repairs that were performed, were not permanent.

60. As a result of said nonconformities, Plaintiffs cannot reasonably rely on the vehicle for ordinary purposes, which are safe, reliable and efficient transportation.

61. Plaintiffs did not and could not have discovered said nonconformities with the vehicle prior to Plaintiffs' acceptance of the vehicle, however at the time of purchase Defendant was aware that this model was built and sold with the known defects and non-conformities. In fact, Defendant was well aware of these issues that it developed a number of different technical service bulletins, also known as "secret warranties", intending to address the issues. As seen however, even these measures were short-lived.

62. Plaintiffs would not have purchased the vehicle, had they known, that the vehicle contained the aforementioned defects.

63. As a direct and proximate result of the willful failure of Defendant to comply with its obligations under the express warranties, Plaintiffs have suffered actual and consequential damages. Such damages include, but are not limited to, the loss of the use and enjoyment of their vehicle, and a diminution in the value of the vehicle with the defects identified herein.

## **PRAYER FOR RELIEF**

**Wherefore**, Plaintiffs, **ALEXIS FLORES & RUBICELA DAVILA,** respectfully pray for judgment as follows:

    a.    An order approving revocation of acceptance of the subject vehicle;
    b.    The "full purchase price" of the vehicle, collateral charges, finance charges, incidental and consequential damages under all Counts above;
    c.    Incidental and consequential damages;
    d.    For a trial by jury on all issues except the determination of reasonable attorney's fees and costs which are reserved for determination by the Court in the event that Plaintiffs prevail at a trial on the merits and after all attorney time and effort has been completed;

  e.  For a determination by the jury of as much as treble actual damages, as specifically set forth in §17.50(h) "without regard to whether the conduct of the defendant was committed intentionally…"

  f.  Costs, including expert witness fees and reasonable attorney's fees; and

  g.  Any other relief this Honorable Court deems appropriate.

## DEMAND FOR JURY TRIAL

**Please take notice** that Plaintiffs, **ALEXIS FLORES & RUBICELA DAVILA,** demand a jury trial in this case.

Respectfully submitted,

By: /s/*CRAIG THOR KIMMEL*
CRAIG THOR KIMMEL, ESQ.
Kimmel & Silverman, P.C.
30 East Butler Ave.
Ambler, PA 19002
Phone: 267-468-7638
teamkimmel@creditlaw.com